# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00079-CR

**Michael David Juarez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 14170, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In December 2012, appellant pled guilty to assault–family violence and was placed on probation for two years. In April 2012, the State filed a motion to revoke, and in December 2012, appellant pled true. The trial court revoked his probation and sentenced him to one year in the county jail. At the hearing on the State's motion to revoke, the trial court stated on the record that the case was not a plea-bargain case and that appellant had the right to appeal. The only certification of his right to appeal, however, is from the original December 2010 conviction and states that the cause was a plea-bargain case and that appellant had no right to appeal.[1]

In determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v.*

---

[1] Appellant and his trial counsel both signed the certification form.

*State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614-15; *see also* Tex. R. App. P. 34.5(c), 37.1.

In this case, the record does not include a trial court's certification from the December 2012 probation revocation, which is the proceeding from which appellant wishes to appeal. Therefore, we abate the appeal and remand it to the trial court to issue a new certification related to that proceeding. *See Dears*, 154 S.W.3d at 614-15; Tex. R. App. P. 37.1. The trial court clerk is instructed to forward a supplemental clerk's record containing the amended certification to the clerk of this court no later than September 6, 2013.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Abated

Filed:   August 8, 2013

Do Not Publish